UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8922 PA (RAOx) | | Date | December 7, 2021 |
|---|---|---|---|---|
| Title | Genaro Juarez v. Calmet Services, Inc., et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand filed by plaintiff Genaro Juarez ("Plaintiff") (Docket No. 11). Plaintiff challenges the propriety of the Notice of Removal filed by defendants Calmet Services, Inc. and Calmet Properties, LLC ("Defendants"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for December 20, 2021, is vacated, and the matter taken off calendar.

## I.     Factual and Procedural Background

Plaintiff filed his Complaint in Los Angeles Superior Court on September 12, 2021. The Complaint alleges wage and hour claims on behalf of Plaintiff and a putative class of Defendants' employees for: (1) failure to pay overtime wages pursuant to California Labor Code sections 510, 1194, and 1199; (2) failure to pay minimum wages pursuant to California Labor Code sections 1197 and 1199; (3) failure to provide meal periods pursuant to California Labor Code section 512; (4) failure to provide rest periods pursuant to California Labor Code section 226.7; (5) failure to pay wages upon termination in violation of California Labor Code sections 201, 202, and 203; (6) failure to provide accurate wage statements pursuant to California Labor Code section 226; (7) failure to timely pay wages pursuant to California Labor Code section 204; (8) failure to pay vacation time pursuant to California Labor Code section 227.3; and (9) unfair business practices pursuant to California Business and Professions Code section 17200.

Defendants filed their Notice of Removal on November 12, 2021. In their Notice of Removal, Defendants asserted that the Court possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331 over the action because at least some of the claims in Plaintiff's Complaint are completely preempted by section 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185, because Plaintiff and the class he seeks to represent were covered by a collective bargaining agreement ("CBA"), which meets the requirements for exemptions under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8922 PA (RAOx) | Date | December 7, 2021 |
|---|---|---|---|
| Title | Genaro Juarez v. Calmet Services, Inc., et al. | | |

state law such that certain of Plaintiff's claims arise under the CBA rather than state law. Plaintiff's Motion to Remand contends that all of Plaintiff's claims arise under state law and that it is not necessary to interpret the terms of the CBA. Therefore, according to Plaintiff, none of the claims alleged in the Complaint are preempted by section 301 of the LMRA and the Court lacks subject matter jurisdiction over this action.

**II.     Analysis**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint." Id. at 392. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, the plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. The only exception to this rule is where a plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, Defendants contend that the Court has federal question jurisdiction because, at a minimum, the Complaint's first, third, and eighth claims arise under section 301 of the LMRA, and that the remaining claims are either derivative of those claims or the Court possesses supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367. Section 301 of LMRA states that "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8922 PA (RAOx) | | Date | December 7, 2021 |
|---|---|---|---|---|
| Title | Genaro Juarez v. Calmet Services, Inc., et al. | | | |

parties . . . ."  29 U.S.C. § 185(a).  The Supreme Court has interpreted section 301 to require claims "alleging a violation of a provision of a labor contract [to] be brought under § 301 and be resolved by reference to federal law."  Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210, 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1985).  This preemption of state claims "extend[s] beyond suits alleging contract violations" to those requiring interpretation of the provisions of labor agreements:

> [Q]uestions relating to what the parties to a labor agreement agreed,
> and what legal consequences were intended to flow from breaches of
> that agreement, must be resolved by references to uniform federal
> law, whether such questions arise in the context of a suit for breach
> of contract or in a suit alleging liability in tort.  Any other result
> would elevate form over substance and allow parties to evade the
> requirements of § 301 by relabeling their contract claims as claims
> for tortious breach of contract.

Id. at 210-11.  However, the scope of section 301 preemption is not absolute:

> [N]ot every dispute concerning employment, or tangentially
> involving a provision of a collective-bargaining agreement, is
> pre-empted by § 301 other provisions of the federal labor
> law. . . .  Clearly, § 301 does not grant the parties to a
> collective-bargaining agreement the ability to contract for what is
> illegal under state law.  In extending the pre-emptive effect of § 301
> beyond suits for breach of contract, it would be inconsistent with
> congressional intent under that section to preempt state rules that
> proscribe conduct, or establish rights and obligations, independent of
> a labor contract.

Id. at 211-12.  "In order to help preserve state authority in areas involving minimum labor standards, the Supreme Court has distinguished between claims that require interpretation or construction of a labor agreement and those that require a court simply to 'look at' the agreement."  Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000) (citing Livadas v. Bradshaw, 512 U.S. 107, 123-26, 114 S. Ct. 2068, 129 L. Ed. 2d 93 (1994)).  In particular, "when the meaning of contract terms is not subject to dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished."  Livadas, 512 U.S. at 124 (citing Lingle v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8922 PA (RAOx) | Date | December 7, 2021 |
|---|---|---|---|
| Title | Genaro Juarez v. Calmet Services, Inc., et al. | | |

Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 n.12, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988)).

        "[E]ven if dispute resolution pursuant to a collective-bargaining agreement, on one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 preemption purposes." Lingle, 486 U.S. at 409-10. Accordingly, preemption under section 301 requires a two-step analysis. Alaska Airlines Inc. v. Schurke, 898 F.3d 904, 920-22 (9th Cir. 2018) (en banc); Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059-60 (9th Cir. 2007).

        Assessing whether a claim is preempted by section 301 is a two-step process.  First, the Court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." Burnside, 491 F.3d at 1059. "If a claim arises entirely from a right or duty of the CBA—for example, a claim for violation of the labor agreement, whether sounding in contract or in tort—it is, in effect, a CBA dispute in state law garb, and is preempted.  In such cases, the CBA is the 'only source' of the right the plaintiff seeks to vindicate." Alaska Airlines, 898 F.3d at 921 (footnote, citations, and internal quotation marks omitted). "[C]laims are not simply CBA disputes by another name, and so are not preempted under this first step, if they just refer to a CBA-defined right; rely in part on a CBA's terms of employment; run parallel to a CBA violation; or invite use of the CBA as a defense." Id. (citations omitted).

        If the right asserted by the plaintiff is conferred by state law, the Court proceeds to the second step, in which it must determine whether the plaintiff's claim is nevertheless "substantially dependent on analysis of a collective bargaining agreement." Burnside, 491 F.3d at 1059 (quoting Caterpillar, 482 U.S. at 394).  If the claim requires the court to "interpret," rather than merely "look to," the collective bargaining agreement, then the claim is substantially dependent thereon and is preempted by section 301. Id. at 1060. "The plaintiff's claim is the touchstone for this analysis; the need to interpret the collective bargaining agreement must inhere in the nature of the plaintiff's claim." Detabali v. St. Luke's Hosp., 482 F.3d 1199, 1203 (9th Cir. 2007) (alteration omitted) (quoting Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001) (en banc))). "[It is not] enough that resolving the state law claim requires a court to refer to the CBA and apply its plain or undisputed language—for example, to discern that none of its terms is reasonably in dispute; to identify bargained-for wage rates in computing a penalty; or to determine whether the CBA contains a clear and unmistakable waiver of state law rights." Alaska Airlines, 898 F.3d at 921-22 (alterations, citations, and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8922 PA (RAOx) | Date | December 7, 2021 |
|---|---|---|---|
| Title | Genaro Juarez v. Calmet Services, Inc., et al. | | |

As explained in Defendants' Notice of Removal, and ignored in Plaintiff's Motion to Remand, the provisions of the California Labor Code on which several of Plaintiff's wage and hour claims rely contain exceptions that apply to employees covered by CBAs in certain circumstances. For instance, California Labor Code section 514 provides:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 514. According to the Notice of Removal, and not disputed by Plaintiff, the CBA that covers Plaintiff and the class he seeks to represent satisfies the requirements of section 514. As a result, Plaintiff's first claim, which alleges a violation of section 510, does not apply to Plaintiff, and state law therefore does not confer the right asserted by plaintiff to overtime wages. Instead, the source of that right can only be the CBA.

Because the first step of the LMRA preemption analysis establishes that the right asserted by Plaintiff is not conferred by state law, the second step of that analysis, determining if the CBA must be interpreted, or merely "looked to," is not triggered. See Curtis v. Irwin Industries, Inc., 913 F.3d 1146, 1155 (9th Cir. 2019 ("Curtis's CBAs in this case meet the requirements of section 514, and therefore Curtis's claim for overtime pay is controlled by his CBAs. Because Curtis's right to overtime "exists solely as a result of the CBA," his claim that Irwin violated overtime requirements by not paying him for the 12 off-duty hours is preempted under § 301. Thus, his claim fails at step one of the preemption analysis.") (quoting Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1032 (9th Cir. 2016)); see also id. at 1153-54 ("By its terms, therefore, the default definition of overtime and overtimes rates in section 510 does not apply to an employee who is subject to a qualifying CBA. If Curtis's CBAs in this case meet the requirements of section 514, Curtis's right to overtime 'exists solely as a result of the CBA,' and therefore is preempted under § 301.") (quoting Kobold, 832 F.3d at 1032).[1]

---

[1]     Plaintiff contends, relying on Labor Code section 510(a)(2), which excludes from its application an "alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514," that only CBAs that have alternative workweek schedules are exempted by section 514, but that narrow reading of the interplay between sections 510 and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8922 PA (RAOx) | | Date | December 7, 2021 |
|---|---|---|---|---|
| Title | Genaro Juarez v. Calmet Services, Inc., et al. | | | |

Plaintiff's third and eighth claims, at a minimum, trigger similar exclusions for workers covered by CBAs and therefore appear to be similarly preempted by section 301 of the LMRA. See Cal. Lab. Code § 512(e) (providing that the meal period requirements of section 512(a) and (b) do not apply to employees covered by a valid collective bargaining agreement that, among other requirements, provides premium wage rates for all overtime hours worked and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate); Cal. Lab. Code § 227.3 (requiring payment of vested vacation time "[u]nless otherwise provided by a collective-bargaining agreement"). Even if the meal period and vacation pay claims were not preempted, and although Defendants assert that the a remaining "derivative" claims alleged in the Complaint are similarly preempted, because the Court, at a minimum, possesses supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over those claims, the Court need not, at this stage, definitively determine if the remaining claims are preempted by section 301 of the LMRA.

**<u>Conclusion</u>**

For the foregoing reasons, the Court concludes that, at a minimum, the Complaint's first, claim is preempted by section 301 of the LMRA, and that the Court therefore possesses federal question jurisdiction over that claim and supplemental over the remaining claims. The Court therefore denies Plaintiff's Motion to Remand.

IT IS SO ORDERED.

---

514 is inconsistent with <u>Curtis</u> and <u>Vranish v. Exxon Mobil Corp.</u>, 223 Cal. App. 4th 103, 166 Cal. Rptr. 3d 845 (2014). As the Court reads the two sections, section 510(a)(3) provides that there is no overtime claim based on an alternative workweek schedule contained in a qualifying CBA as defined by section 514, but section 514 additionally applies more broadly to exempt overtime claims based on circumstances that do not involve alternative workweek schedules, as long as the CBA satisfies section 514's requirements.